IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 04-cr-30032 |
| JOSEPH ABBEY, | ) |
| Defendant. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Joseph Abbey's amended Motion for Compassionate Release (d/e 86) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On May 7, 2004, Defendant pleaded guilty to one count of receipt of conspiracy to distribute cocaine base in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(C). On August 5, 2005, United States District Judge Jeanne Scott sentenced Defendant to 106 months' imprisonment and 6 years of supervised release. Defendant's term

of imprisonment was later reduced to 91 months based on an amendment to the United States Sentencing Guidelines. See Text Order, Mar. 19, 2008. Defendant began his term of supervised release on October 9, 2009. On May 9, 2011, Defendant's supervised released was revoked due to Defendant's violation of an order of protection that had been entered against him. At the supervised release revocation hearing, the undersigned District Judge sentenced Defendant to 27 months' imprisonment and 2 years of supervised release. Defendant's next term of supervision commenced on October 8, 2013.

On March 11, 2014, a seven-Count indictment was filed in this Court, in Case No. 2014-CR-30009. Count One of the Indictment charged Defendant with conspiracy to distribute mixtures or substances containing methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C). Counts Two and Five charged Defendant with distribution of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Count Three charged Defendant with distribution of a cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Count Four charged Defendant with distribution of heroin, in violation of

21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  Count Six charged Defendant with maintaining a building for the purpose of distributing heroin, in violation of 21 U.S.C. §§ 856(a)(1) and (b).  Count Seven charged Defendant with maintaining a building for the purpose of manufacturing methamphetamine, in violation of 21 U.S.C. §§ 856(a)(1) and (b).

On August 22, 2014, Defendant pleaded guilty to Count One of the Indictment in the 2014 case.  On February 2, 2015, the undersigned District Judge sentenced Defendant in the 2014 case to 151 months' imprisonment to be followed by three years of supervised release.  On that same date, the undersigned also revoked Defendant's supervised release in the 2004 case and imposed a sentence of 12 months and 1 day of imprisonment, to be served consecutively to the term of imprisonment imposed in the 2014 case, with no additional term of supervised release.

Defendant is currently serving his sentence at FCI El Reno in El Reno, Oklahoma.  Defendant's projected release date is November 14, 2025.

On April 30, 2020, Defendant filed a pro se motion for compassionate release (d/e 83) pursuant to 18 U.S.C. §

3582(c)(1)(A).  On May 7, 2020, Defendant filed an amended motion for compassionate release (d/e 86).  Defendant requests compassionate release due to the COVID-19 pandemic.

The United States Probation Office, in a Memorandum (d/e 87) addressing Defendant's request for compassionate release, notes that Defendant has not submitted a proposed release plan. Therefore, the Probation Office has been unable to verify the suitability of any proposed residence were Defendant to be released.

On May 11, 2020, the Government filed a Response to the Defendant's Motion for Sentence Reduction (d/e 33) in the 2014 case.[1]  The Government argues that the Court should deny Defendant's compassionate release motion because the Court does not have the authority to grant the relief requested, because Defendant has not identified extraordinary and compelling reasons warranting a sentence reduction, and because Defendant has not identified any medical issues that place him at greater risk were he to contract COVID-19.  The Government also notes that the Bureau of Prisons (BOP) has implemented procedures designed to curb the

---

[1] The Government later filed the same response, which the Court notes was captioned with the case numers of both of Defendant's cases, in the 2004 case at docket entry 88.

Page **4** of **10**

spread of the virus in its facilities.

On May 12, 2020, the Court held a video conference hearing on Defendant's amended motion.  Defendant appeared by telephone from FCI El Reno.  As of May 12, 2020, BOP reports that FCI El Reno has one confirmed staff case of COVID-19 and no confirmed inmate cases.  See Federal Bureau of Prisons – COVID-19 Cases, https://www.bop.gov/coronavirus/ (last accessed May 12, 2020).

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed.  See 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now

allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting thirty days from when the inmate made his or her request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.

The spread of COVID-19 has presented unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation. Socially distancing can be difficult for individuals living or working in a prison.

According to the Probation Office's Memorandum, medical records from BOP note that Defendant suffers from several skin conditions, obesity, and a potential unspecified sleep disorder. Defendant, who is 40 years old, and apart from the health conditions listed above, appears to be in relatively good health, has not been diagnosed with any underlying medical conditions that may increase the serious risks that COVID-19 presents for Defendant. See Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus Disease, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html (last accessed May 12, 2020) (stating that for patients in China, case fatality was higher for COVID-19 patients with comorbidities

including cardiovascular disease, diabetes, chronic respiratory disease, hypertension, and cancer, and that "[h]eart disease, hypertension, prior stroke, diabetes, chronic lung disease, and chronic kidney disease have all been associated with increased illness severity and adverse outcomes").

The CDC has now listed severe obesity—defined as a body mass index (BMI) of 40 or above—as a risk factor that may increase the complications from COVID-19.  See Groups At Higher Risk for Severe Illness, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html#severe-obesity (last accessed May 12, 2020).  At the hearing on Defendant's motion, counsel for Defendant indicated that Defendant is 5 feet 11 inches tall, and weighs 235 pounds, which converts to a BMI of 34.2.  While a BMI of 34.2 qualifies as obese, it does not meet the definition for severe obesity.

The COVID-19 pandemic does not warrant the release of every federal prisoner, particularly those who do not have underlying health conditions that may make them more susceptible to the disease.  Furthermore, Defendant is serving his sentence at a BOP

facility at which there has only been one confirmed staff case of COVID-19 and no confirmed inmate cases.  According to the Government, BOP has implemented rigorous procedures designed to mitigate the spread of the virus in its facilities.

Further, Defendant has nearly five and a half years left on his sentences.  Defendant was charged with the offenses for which he was convicted in the 2014 case while on supervised release in the 2004 case.  Defendant's supervised release in the 2004 case was revoked on two occasions—once for violating an order of protection, and once based on the same conduct for which Defendant was convicted in the 2014 case.  In sum, Defendant has demonstrated unwillingness or inability to comply with Court orders and terms of release previously imposed on multiple prior occasions.

Defendant also has a lengthy criminal history, including convictions for unlawful communication with a witness, unlawful violation of an order of protection, resisting a peace officer, driving under the influence, and delivery of a controlled substance, among others.

Finally, Defendant has not proposed any release plan, let alone an adequate one.  Based on Probation's Memorandum,

Defendant has not indicated where he would reside or how he intends to provide for himself were he to be released.

The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Joseph Abbey's amended Motion for Compassionate Release (d/e 86) and Defendant's pro se Motion for Compassionate Release (d/e 83) are DENIED.  This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change.

ENTER:  May 12, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE